## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BYRON L. PICKARD )<br><br>Plaintiff )<br><br>v. )<br><br>NATIONAL TRANSPORTATION )<br>SAFETY BOARD )<br><br>Defendant ) | Case No. 06-1039 (JR) |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO ENLARGE TIME TO RESPOND TO COMPLAINT

Plaintiff, Byron L. Pickard ("Pickard"), by counsel, submits his brief in opposition to the Defendant's Motion To Enlarge The Time To Respond To The Complaint (the "Motion to Enlarge"), filed herein by Defendant National Transportation Safety Board (the "NTSB").

### BACKGROUND

This matter involves efforts to compel the NTSB to comply with its statutory obligations under the Freedom of Information Act, 5 U.S.C. Section 552 and 49 C.F.R. 801.10, (the "FOIA"). On April 26, 2006, Mr. Pickard submitted a FOIA request to the NTSB, seeking records related to eight separate helicopter crash investigations. A copy of the FOIA request is attached hereto as Exhibit A.[1] Under the FOIA, the NTSB is required to provide an initial determination concerning FOIA requests within ten business days.[2] Though the NTSB acknowledged receipt of the FOIA request, it failed to respond within the required time period.

---

[1] The FOIA request is also attached as Exhibit A to the Complaint herein.
[2] The NTSB may extend this period by an additional ten business days. The NTSB sought no such extension in connection with the FOIA request at issue here.

Indeed, by June 6, 2006, when this action was begun, the NTSB still had not provided an initial determination in connection with the FOIA request.

On July 5, 2006, the NTSB filed its Motion to Enlarge, seeking additional time to file a response to the Complaint, arguing that such an extension would provide the NTSB "with additional time in which it can process the request." (Def. Motion to Enlarge, p. 1). That same day, Mr. Pickard received a response dated June 29, 2006 (the "June 29 Response"). The Response is attached hereto as Exhibit B. The June 29 Response only enclosed a single one-page document and stated that the enclosed document was the only record found in response to one of the eight helicopter crash investigations covered by the FOIA request. On July 10, 2006, Mr. Pickard received two additional responses from the NTSB (referred to in its brief as the June 3, 2006 responses), dated July 3, 2006.[3] *See* Exhibits C & D, hereto. The NTSB is not producing records in connection with either of the crash investigations referenced in its July 3rd responses.

As demonstrated below, the NTSB's June 29 Response is simply inconsistent with other records. At best the response reflects inattention and at worst a conscious decision on the part of the NTSB to frustrate the disclosure required by the FOIA.

### ARGUMENT

The NTSB seeks additional time to respond to the Complaint, proffering that such additional time will enable it to process Mr. Pickard's FOIA request and thus narrow the issues in this suit. The NTSB's history of conduct in this matter suggests that additional time will not serve this purpose. Accordingly, the Court should deny the Motion to Enlarge.

The NTSB's failure to adhere to the deadlines under the FOIA is not disputed. Indeed, the NTSB's first response received by Mr. Pickard came seven weeks late. Most troubling

---

[3] The July 3, 2006 letters were delivered in an envelop post marked July 5, 2006. *See* Ex. C.

however, is the quality of the June 29 Response.  That response is so deficient that it raises

question as to the NTSB's willingness to meet its obligations under the FOIA.

A cursory comparison of the NTSB's June 29 Response letter and the publicly-available

materials concerning that crash is illustrative.[4]  Publicly available materials relating the 1986,

Sutton, Massachusetts crash are attached in relevant part as Exhibits E, F & G.   The publicly

available Factual Report Aviation Accident (the "Factual Report") summarizes the results of an

airborne flight simulation performed by Sikorsky Aircraft. *See* Ex. E.  But, no notes, data,

reports, or statements of any kind are mentioned in the NTSB's June 29 Response.

Additionally, though the Factual Report makes a detailed summary of the aircraft wreckage (*See*

Ex. F), no field notes or materials laboratory testing results substantiating the facts summarized

in the Factual Report are included in the NTSB's June 29 Response.  Further, the Factual Report

summarizes an off-site examination of the aircraft engines performed "under the direction of

NTSB." *See* Ex. G.  Again, no field notes, photographs, laboratory results, reports of the engine

examination or the like are mentioned in the June 29 Response.

These examples point up the fact that a large number of documents should exist in

addition to the publicly available records.  Yet, the NTSB states it has found only a single-one

page document – a printout from a materials laboratory database. *See* Ex. B.  This woefully

inadequate response raises a real concern regarding the NTSB's interest in satisfying its

obligations under the FOIA.

There is no need to delay this litigation, and it appears that a factual inquiry is needed to,

among other things, determine the scope of the NTSB's search as relates its June 29 Response.

For these reasons Plaintiff opposes the extension requested.

---

[4] The publicly available materials were sought and obtained prior to the filing of this suit.

Dated: July 11, 2006                    Respectfully submitted,


                                        _____/s/_____
                                        Michael Evan Jaffe
                                        Thelen Reid & Priest LLP
                                        701 Eighth Street, N.W.
                                        Washington, D.C.  20001-3721
                                        Telephone:  202-508-4215
                                        Facsimile:  202-654-1828
                                        E-mail:  mjaffe@thelenreid.com
                                        *Counsel for Plaintiff*