

**National Transportation Safety Board**
Washington, D.C. 20594

July 3, 2006

Mr. Byron L. Pickard
Thelen Reid & Priest, LLP
701 Eighth Street, NW
Washington, D.C. 20001

Re:  National Transportation Safety Board (NTSB)
     Freedom of Information Act (FOIA) No. 20060347

Dear Mr. Pickard:

I write in response to your FOIA request for "a copy of all records or information and tangible things, whether made previously public or not related to . . . (8.) NTSB Number DFW05MA230 involving a Sikorsky SK-76A helicopter, Registration No. N90421." This investigation is currently ongoing.

The Safety Board does not release records from a pending investigation, because such release would impede the progress of the investigation and deter uninhibited deliberations and discussions regarding certain aspects of the investigation. As such, the Safety Board denies requests for records from pending investigations in accordance with Exemptions 2, 5, and 7(A) of the FOIA.

Preliminary disclosure of records from an ongoing investigation would cause the Safety Board to circumvent its statutory purpose and instructive regulations; as such, under Exemption 2 of the FOIA, records from an ongoing Safety Board investigation are exempt from disclosure. 5 U.S.C. § 552(b)(2). Specifically, Congress has charged the Safety Board with the responsibility of investigating civilian transportation occurrences in an independent fashion. See 49 U.S.C. § 1111; 49 C.F.R. §§ 800.2, 800.3(a) (listing the Board's general functions and responsibilities); see also S. Rep. No. 103-150, at 231 (1993) (stating that the Board was established as an independent agency, and that the Board's "effectiveness depends on its reputation for impartial and accurate accident reports"). Disclosure of records from a pending investigation would undermine the Safety Board's independence, objectivity, and effectiveness, which are critical to the Board's ability to investigate transportation accidents effectively. Such a compelling risk of circumvention of the Safety Board's statutory purpose and regulations allows for the application of Exemption 2 of the FOIA to your request. See, e.g., Schiller v. Nat'l Labor Relations Bd., 964 F.2d 1205, 1208 (D.C. Cir. 1992); National Treasury Employees Union v. United States Customs, 802 F.2d 525, 529-31 (D.C. Cir. 1986); Crooker v. Bureau of Alcohol, Tobacco, and Firearms, 670 F.2d 1051, 1066, 1074 (D.C. Cir. 1981).

Likewise, records that reflect the Board's deliberative process are exempt from disclosure pursuant to Exemption 5 of the FOIA. 5 U.S.C. § 552(b)(5). Exemption 5 exempts from disclosure agency records that are preliminary or deliberative. See, e.g., Jowett, Inc. v. Dep't of the Navy, 729



F. Supp. 871, 877 (D.D.C. 1989); National Wildlife Fed'n v. Forest Serv., 861 F.2d 1114, 1119 (9th Cir. 1988); Russell v. Dep't of the Air Force, 682 F.2d 1045, 1047-48 (D.C. Cir. 1982). The Safety Board cannot guarantee preliminary materials, such as records from a pending investigation, as accurate or complete; therefore, release of such information would result in confusion and compromise the Board's work. Similarly, material reflecting the Safety Board's deliberative process is exempted from disclosure in order to ensure the free flow of information during the course of the Board's investigations. Mead Data Cent., Inc. v. Dep't of the Air Force, 566 F.2d 242, 256 (D.C. Cir. 1977).

In addition, records that could interfere with the progress of an ongoing law enforcement investigation are exempt from disclosure pursuant to Exemption 7 of the FOIA. 5 U.S.C. § 552(b)(7)(A). The provisions of Exemption 7 include regulatory civil enforcement, as well as the enforcement of criminal statutes. See, e.g., Rugiero v. United States Dep't of Justice, 257 F.3d 534, 550 (6th Cir. 2001) (explaining that the "Court has adopted a per se rule" that applies not only to criminal enforcement actions, but to "records compiled for civil enforcement purposes as well"), cert. denied, 534 U.S. 1134 (2002); Rural Hous. Alliance v. United States Dep't of Agriculture, 498 F.2d 73, 81 & n.46 (D.C. Cir. 1974) (stating that "law enforcement purposes ... include both civil and criminal purposes"). As stated above, the Safety Board's investigation of the aforementioned accident is currently pending. Release of information regarding this investigation would harm the progress of the investigation by causing public speculation regarding the investigation, thereby deterring investigators' unbiased review of the facts and circumstances of the accident. Therefore, the Safety Board is exempt from releasing records regarding this investigation.

To the extent that I have denied your FOIA request, you may appeal my decision by writing to the Safety Board's Managing Director:

>Mr. Joseph Osterman
>Managing Director
>National Transportation Safety Board
>490 L'Enfant Plaza East, SW
>Washington, DC  20594

Sincerely,

Melba D. Moye
FOIA Officer