UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BYRON L. PICKARD, | ) | |
| | ) | |
| Plaintiff, | ) | No. 06-1039 (JR) |
| v. | ) | |
| | ) | |
| NATIONAL TRANSPORTATION | ) | |
| SAFETY BOARD, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO ENLARGE THE TIME TO RESPOND TO THE COMPLAINT AND MEMORANDUM IN SUPPORT THEREOF**

Plaintiff's opposition to defendant's motion for an extension simply misses the point. Plaintiff opposes the motion for an extension for the sole reason that he is not happy with the responses he has received from the NTSB to date. In fact, plaintiff proposes that instead of granting defendant's motion, this Court should conduct a "factual inquiry" into the scope of the NTSB's response.

In sum, plaintiff's opposition evidences a fundamental misunderstanding of FOIA. There is no doubt that FOIA cases are typically decided on summary judgment. See Cappabianca v. Commissioner, U.S. Customs Serv., 847 F. Supp. 1558, 1562 (M.D. Fla. 1994) ("once documents in issue are properly identified, FOIA cases should be handled on motions for summary judgment") (citing Miscavige v. IRS, 2 F.3d 366, 368 (11th Cir. 1993)). In fact, an agency satisfies the summary judgment requirements in a FOIA case by providing the Court and the plaintiff with affidavits or declarations and other evidence which show that the documents are exempt from disclosure. Hayden v. National Security Agency Cent. Sec. Serv., 608 F.2d 1381, 1384, 1386 (D.C. Cir. 1979), cert. denied, 446 U.S. 937 (1980); Church of Scientology v. U.S. Dept. of Army, 611 F.2d 738, 742 (9th Cir. 1980). Summary judgment may be awarded to

an agency in a FOIA case solely on the basis of agency affidavits [or declarations] "when the affidavits describe 'the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'" Trans Union LLC v. Federal Trade Commission, 141 F. Supp. 2d 62, 67 (D.D.C. 2001) (quoting Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981)); see also Public Citizen, Inc. v. Dept. of State, 100 F. Supp. 2d 10, 16 (D.D.C. 2000); McGhee v. Central Intelligence Agency, 697 F.2d 1095, 1102 (D.C. Cir. 1983); Citizens Commission on Human Rights v. FDA, 45 F.3d 1325, 1329 (9th Cir. 1995); Bowen v. FDA, 925 F.2d 1224, 1227 (9th Cir. 1991).

      Unfortunately, the NTSB is not able to provide affidavits and declarations detailing their response to plaintiff's FOIA request until *after* the FOIA requests are processed in their entirety. At that time, the NTSB will be able to provide both the Court and the plaintiff with detail regarding the scope of its search, the results of its search, and any justifications for documents withheld under FOIA. See Judicial Watch v. U.S. Dept. of Health and Human Services, 27 F. Supp. 2d 240, 242 (D.D.C. 1998) ("In response to this special aspect of summary judgment in the FOIA context, agencies regularly submit affidavits . . . in support of their motions for summary judgment against FOIA Plaintiffs."). As explained in defendant's motion for an extension, the NTSB is in the process of responding to plaintiff's FOIA request and, in fact, has now responded regarding three of the eight investigations about which plaintiff requested information. Thus, the NTSB is currently processing the remaining aspects of plaintiff's FOIA request and, once completed, will be able to provide the Court and plaintiff with the necessary

declarations to support, or refute, a summary judgment motion.[1]  There can be no argument in this case that defendant is seeking to delay this action, the instant request for an extension to respond to the complaint is defendant's ***first request*** and is made for clearly legitimate reasons that will ultimately advance the resolution of this case.

## CONCLUSION

For the reasons set forth herein, as well as those contained in defendant's motion for an extension of time to respond to plaintiff's complaint, defendant respectfully requests that the Court extend the time for it to response to plaintiff's complaint until August 14, 2006.

---

[1] To the extent that plaintiff asserts he should be entitled to discovery regarding the scope of the NTSB's search at this point, he is again mistaken.  FOIA plaintiffs are generally not entitled to conduct discovery into the adequacy of an agency's search when the court is satisfied that the agency's affidavits are sufficient. Broaddrick v. Executive Office of President, 139 F. Supp. 2d 55, 64 (D.D.C. 2001); Lewis v. I.R.S., 823 F.2d 375, 378 (9th Cir. 1987) ("If the affidavits contain reasonably detailed descriptions of the documents and allege facts sufficient to establish [compliance with the requirements of FOIA], the district court need look no further."); Goland v. Central Intelligence Agency, 607 F.2d 339, 352 (D.C. Cir. 1978), cert. denied, 445 U.S. 927 (1980) (district court may deny discovery and award summary judgment based on government's "relatively detailed" affidavits alone).

July 11, 2006                                  Respectfully submitted,


                                               _____/s/_____
                                               KENNETH L. WAINSTEIN, DC BAR #451058
                                               United States Attorney

                                               _____/s/_____
                                               RUDOLPH CONTRERAS, DC BAR #434122
                                               Assistant United States Attorney

                                               _____/s/_____
                                               JOHN F. HENAULT, D.C. Bar # 472590
                                               Assistant United States Attorney
                                               555 Fourth Street, N.W. - Civil Division
                                               Washington, D.C.  20530
                                               (202) 307-1249
                                               (202) 514-8780 (facsimile)