UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| BYRON L. PICKARD | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 06-1039 (JR) |
| | ) | |
| NATIONAL TRANSPORTATION SAFETY BOARD | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S SECOND MOTION TO ENLARGE TIME TO RESPOND TO COMPLAINT**

Plaintiff, Byron L. Pickard ("Pickard"), by counsel, submits his brief in opposition to the Defendant's Second Motion To Enlarge The Time To Respond To The Complaint (the "Second Motion to Enlarge"), filed herein by Defendant National Transportation Safety Board (the "NTSB").

This matter involves efforts to compel the NTSB to comply with its statutory obligations under the Freedom of Information Act, 5 U.S.C. Section 552 and 49 C.F.R. 801.10, (the "FOIA"). Nearly four months ago – on April 26, 2006 – Mr. Pickard submitted a FOIA request to the NTSB, seeking records related to eight separate helicopter crash investigations. Though the NTSB acknowledged receipt of the FOIA request, it failed to make any substantive response. Mr. Pickard filed the present action.

On July 5, 2006, the NTSB filed its *first* Motion to Enlarge, seeking additional time to file a response to the Complaint, arguing that such an extension would provide the NTSB "with additional time in which it can process the request." (Def. First Motion to Enlarge, p. 1). The

Court granted that motion, allowing the NTSB until August 14, 2006 to file its response to the Complaint.

Despite the NTSB's insistence that the Court's first grant of an extension would permit it time to process the FOIA request, the NTSB has not provided a single record to Mr. Pickard since the Court granted the NTSB an extension. Now, the NTSB asks this Court for the yet another extension of time, offering the same conclusory justification – "the requested extension will permit defendant to complete its processing of plaintiff's FOIA request." (Def. Second Motion to Enlarge, p. 1). The NTSB's well-documented failure to respond belies its asserted justification and demonstrates its disregard for its FOIA obligations. At a time when litigants in civil litigation routinely review and make production of massive amounts of information in thirty days or less, the NTSB's failure to be able to provide any access to a very finite and narrowly cabined set of materials is inexcusable. Especially is that so in light of Congress's mandate requiring the agency to act with dispatch.

The NTSB's application offers no justification for its failure to act. Allowing another thirty days with there being any notion that the NTSB's performance will be any better can be seen as nothing more than, as Dr. Johnson observed in another context, a triumph of hope over experience. The Court should not further countenance the NTSB's dilatory tactics and should deny the Second Motion to Enlarge or, at a minimum, condition any further extension on the delivery within that extension period a complete Vaughn index.

Dated: August 11, 2006                               Respectfully submitted,

    /s/    Michael Evan Jaffe
Michael Evan Jaffe
Thelen Reid & Priest LLP
701 Eighth Street, N.W.
Washington, D.C.  20001-3721
Telephone:  202-508-4000
E-mail:  mjaffe@thelenreid.com
Facsimile:  202-654-2818
*Counsel for Plaintiff*