IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BYRON L. PICKARD,<br>   Plaintiff,<br><br>v.<br><br>NATIONAL TRANSPORTATION<br>SAFETY BOARD,<br>   Defendant | )<br>)<br>)<br>)<br>)  1:06CV01039  (JR)<br>)<br>)<br>)<br>)<br>)<br>) |

## DECLARATION OF DENNIS L. JONES

I, Dennis L. Jones, declare as follows:

1. I am the Chief of the Regional Operations and General Aviation Division in the Office of Aviation Safety at the National Transportation Safety Board (NTSB), Washington, D.C. I have held this position for eight (8) years. Prior to becoming the Chief of the Regional Operations and General Aviation Division, I was the Regional Director of the Northeastern Regional Office of the NTSB, in Parsippany, New Jersey. I have been employed at the NTSB since September 1979.

2. The statements made in this Declaration are based upon my review of the official files and records, my review of the records at issue in this litigation, my personal knowledge, and information I acquired from others in the course of my performance of my official duties.

## INVESTIGATION I OVERSAW THAT IS THE SUBJECT
## OF PLAINTIFF'S FOIA REQUEST

*NTSB Investigation No. NYC86MA148*

3. In my capacity as an Air Safety Investigator in the New York field office, I investigated an accident involving a Sikorsky S-76B helicopter that crashed in Sutton, Massachusetts, on June 6, 1986 (NTSB Investigation No. NYC86MA148).

4. At the time of the aforementioned accident and consequent investigation, I worked in the NTSB's New York Field Office in Jamaica, New York.

5. In September 1986, I transferred to the Washington Field Office in Washington, D.C. as an Air Safety Investigator.

6. In December 1992, I took the position of Regional Director of the Northeast Regional Office in Parsippany, New Jersey. I worked in the regional office in Parsippany until 1998.

7. In 1998, I moved from the Parsippany, New Jersey office to the NTSB headquarters in Washington, D.C.

8. I have worked at the NTSB headquarters in Washington, D.C. since 1998.

9. In general, unless unusual circumstances exist, I do not keep non-public files from closed investigations that I have overseen. Upon moving several times and working in several different offices, as described above, and because I concluded Investigation No. NYC86MA148 several years ago, I did not keep any files or records from Investigation No. NYC86MA148.

10. Given these two office moves and the fact that I typically do not retain working files from closed investigations, I am certain that I do not have any records or files from Investigation No. NYC86MA148 that are not publicly available, as described below.

11. In most cases, the NTSB makes a "public docket" of information regarding a particular investigation available to the public. This public docket of items will contain all records that

the NTSB considered to be pertinent to the investigation. A public docket of records from Investigation No. NYC86MA148 is available on microfiche in the NTSB's Reading Room.

12. I reviewed my files of investigations that I conducted. I did not locate any records or files from Investigation No. NYC86MA148.

13. Aside from my individual office, the Materials Laboratory Division, and the Records Management division, no other office would have any records regarding NTSB Investigation No. NYC86MA148. The director of the Materials Laboratory Division located one trivial record, and the Records Management Division located one draft record, from Investigation No. NYC86MA148. See Decl. James F. Wildey at 2 (Sept. 12, 2006), Decl. Melba D. Moye at 12 (Sept. 13, 2006). The NTSB FOIA Officer sent these records to plaintiff.

14. Other than the information publicly available in the public docket described above and the records described in ¶ 13, I am not aware of the existence of any records regarding Investigation No. NYC86MA148.

15. The NTSB conducted a thorough search for any non-public records regarding NTSB Investigation No. NYC86MA148, in accordance with the reasonable search requirements of the FOIA.

**SEARCH FOR RECORDS FROM OTHER INVESTIGATIONS**

16. The NTSB employee, Mr. Tom Conroy, who served as the United States accredited representative for each of the investigations listed at ¶ 17, below, passed away suddenly in February 2005. Therefore, although I did not serve as the IIC or accredited representative for those investigations, I assisted in conducting a reasonable search of any remaining records from Mr. Conroy's files that involve the investigations listed at ¶ 17, below.

17. In my capacity as Mr. Tom Conroy's former direct supervisor, I searched for other records involving other investigations that are the subject of plaintiff's FOIA request. Specifically, I searched for records involving the following investigations:

    a. NTSB Investigation No. IAD00WA069 – a Sikorsky S-76A helicopter crash that occurred in Navegantes, Brazil;

    b. NTSB Investigation No. WAS01WA015 – a Sikorsky S-76B helicopter crash that occurred in P'ohang, Korea;

    c. NTSB Investigation No. IAD00WA029 – a Sikorsky S-76A helicopter crash that occurred near Kakap, Isle of Man;

    d. NTSB Investigation No. DCA97WA068 – a Sikorsky S-76B helicopter crash that occurred in Omeath, Ireland; and

    e. NTSB Investigation No. DCA98WA014 – a Sikorsky S-76B helicopter crash that occurred in the North Sea.

18. Shortly after Mr. Conroy died, the Computer Service Division at the NTSB arranged for me to have access to Mr. Conroy's e-mail account, in order to respond to inquiries from people who were unaware of Mr. Conroy's untimely death. I am able to access Mr. Conroy's saved e-mail messages from my computer.

19. Mr. Conroy had organized the e-mail correspondence in his e-mail account into folders that were specific to each investigation. Since I have had access to Mr. Conroy's former e-mail account, I have not altered Mr. Conroy's e-mail folders or any e-mail settings in any manner. Upon locating e-mail folders for NTSB Investigation Nos. IAD00WA069, WAS01WA015, and IAD00WA029, the Office of Aviation Safety arranged for each e-mail message in each of those folders to be transmitted to the appropriate NTSB employee who handled plaintiff's FOIA request.

20. Mr. Conroy's e-mail account, as it was preserved on my computer, is the only place in which e-mail correspondence to or from Mr. Conroy concerning any of the five (5) investigations listed in ¶ 17 would be located.

21. As explained above, I conducted a thorough search of Mr. Conroy's e-mail account, in accordance with the reasonable search requirements of the FOIA.

22. In addition to searching Mr. Conroy's e-mail account for records regarding the investigations listed at ¶ 17, above, I also searched a stack of records that I obtained from Mr. Conroy before he died.

23. In this small stack of records, I located some files containing records from Investigation No. DCA98WA014. The NTSB released all non-exempt records and portions of these records to plaintiff on August 14, 2006.

24. As Mr. Conroy's former direct supervisor, I am not aware of any other person who would have copies of Mr. Conroy's records from the five investigations listed in ¶ 17, in which Mr. Conroy served as the United States accredited representative.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on this __13__ day of September, 2006, in Washington, D.C.

_____
Dennis L. Jones
Chief, Regional Operations and General Aviation Division