**Exhibit 2**
**Records Exempt from Disclosure Pursuant to Exemption 2**
**5 U.S.C. § 552(b)(2) ("low 2")**

EXHIBIT:   2

DOCUMENT NUMBER:   NTSB Record 1

DATE OF DOCUMENT:   May 10, 2002

TOTAL NUMBER OF PAGES:   2

TOTAL NUMBER OF PAGES WITHHELD ENTIRELY: 2

TOTAL NUMBER OF REDACTED PAGES:   0

DESCRIPTION OF DOCUMENT:  Copy of NTSB Docket Management System (DMS) Internal "Edit Docket/Documents" Web Page

NTSB Investigator Tom Conroy printed out this record from the NTSB Docket Management System, which is the web-based network system that the NTSB uses in order to scan in, upload, and publish items on "public dockets" for investigations. This record lists NTSB Investigation No. WAS01WA015 as the investigation about which Mr. Conroy, in conjunction with staff in the NTSB Office of Public Inquiries, sought to publish record(s). This record also contains a handwritten annotation stating the name of the employee in the NTSB Office of Public Inquiries who would scan in any records to place them in the public docket. This record appears to memorialize, for Mr. Conroy, the fact that he was assembling a public docket of investigative materials for NTSB Investigation No. WAS01WA015.

This record is entirely trivial, and is therefore exempt from disclosure pursuant to Exemption 2 of the FOIA. 5 U.S.C. § 552(b)(2). Exemption 2 applies to "routine matters" of "merely internal significance" in which the public lacks any substantial or legitimate interest. Dep't of the Air Force v. Rose, 425 U.S. 352, 369-70 (1976); Jordan v. United States Dep't of Justice, 591 F.2d 753, 759-71 (D.C. Cir. 1978) (en banc); Vaughn v. Rosen, 523 F.2d 1136, 1141

(D.C. Cir. 1975). Overall, Exemption 2 permits agencies to withhold mundane, administrative data and records. <u>Lesar v. United States Dep't of Justice</u>, 636 F.2d 472, 485 (D.C. Cir. 1980).

This DMS "Edit Docket/Documents" record for Investigation No. WAS01WA015 sheds no light on any NTSB functions, or on the fulfillment of the Board's statutory objectives or requirements. The record contains no substantive, investigative information regarding any investigation, including Investigation No. WAS01WA015. Indeed, the very task of processing and releasing this record would place an administrative burden on the agency, and no public benefit would justify the burden of copying and releasing this record. Therefore, the NTSB is withholding this record in accordance with Exemption 2 of the FOIA.

EXHIBIT:            2

DOCUMENT NUMBER:        NTSB Record 2

DATE OF DOCUMENT:       May 22, 2002

TOTAL NUMBER OF PAGES:          1

TOTAL NUMBER OF PAGES WITHHELD ENTIRELY: 1

TOTAL NUMBER OF REDACTED PAGES:         0

DESCRIPTION OF DOCUMENT:    Handwritten Note Regarding Scanning and Posting of Certain Documents on Internal NTSB Docket Management System (DMS)

NTSB Investigator Tom Conroy wrote this Post-It note regarding the scanning of documents for Investigation No. WAS01WA015, and the standard Quality Control checks in which Mr. Conroy engaged in uploading certain items to the public docket for this investigation. This note details part of the procedure for uploading items to the public docket on the NTSB Docket Management System, which is the web-based network system that the NTSB uses in order to scan in, upload, and publish items on "public dockets" for investigations. This record identifies staff in the NTSB Office of Public Inquiries, who will be able to assist in uploading such record(s).

This record is entirely trivial, and is therefore exempt from disclosure pursuant to Exemption 2 of the FOIA. 5 U.S.C. § 552(b)(2). Exemption 2 applies to "routine matters" of "merely internal significance" in which the public lacks any substantial or legitimate interest. Dep't of the Air Force v. Rose, 425 U.S. 352, 369-70 (1976); Jordan v. United States Dep't of Justice, 591 F.2d 753, 759-71 (D.C. Cir. 1978) (en banc); Vaughn v. Rosen, 523 F.2d 1136, 1141

(D.C. Cir. 1975). Overall, Exemption 2 permits agencies to withhold mundane, administrative data and records. Lesar v. United States Dep't of Justice, 636 F.2d 472, 485 (D.C. Cir. 1980).

This Post-It note regarding the public docket items for Investigation No. WAS01WA015 sheds no light on any NTSB functions, or on the fulfillment of the Board's statutory objectives or requirements. The record contains no substantive, investigative information regarding any investigation, including Investigation No. WAS01WA015. Indeed, the very task of processing and releasing this record would place an administrative burden on the agency, and no public benefit would justify the burden of copying and releasing this record. Therefore, the NTSB is withholding this record in accordance with Exemption 2 of the FOIA.

EXHIBIT:   2

DOCUMENT NUMBER:   NTSB Record 3

DATE OF DOCUMENT:   [No Date Available]

TOTAL NUMBER OF PAGES:   1

TOTAL NUMBER OF PAGES WITHHELD ENTIRELY: 1

TOTAL NUMBER OF REDACTED PAGES:   0

DESCRIPTION OF DOCUMENT:   DHL Worldwide Express Value Declaration Form

    NTSB Investigator Tom Conroy obtained a copy of this shipping label regarding the shipment of certain parts for NTSB Investigation No. DCA98WA014. This shipping form merely contains an airbill number, the weight and dimensions of the shipment, as well as a designation that the contents of the shipment have "No Commercial Value," and the addresses and telephone numbers for the sender and recipient of the package.

    This record is entirely trivial, and is therefore exempt from disclosure pursuant to Exemption 2 of the FOIA. 5 U.S.C. § 552(b)(2). Exemption 2 applies to "routine matters" of "merely internal significance" in which the public lacks any substantial or legitimate interest. Dep't of the Air Force v. Rose, 425 U.S. 352, 369-70 (1976); Jordan v. United States Dep't of Justice, 591 F.2d 753, 759-71 (D.C. Cir. 1978) (en banc); Vaughn v. Rosen, 523 F.2d 1136, 1141 (D.C. Cir. 1975). Overall, Exemption 2 permits agencies to withhold mundane, administrative data and records. Lesar v. United States Dep't of Justice, 636 F.2d 472, 485 (D.C. Cir. 1980).

    This shipping label regarding the shipping of parts for Investigation No. DCA98WA014 sheds no light on any NTSB functions, or on the fulfillment of the Board's statutory objectives or requirements. The record contains no substantive, investigative information regarding any

investigation, including Investigation No. DCA98WA014. Indeed, the very task of processing and releasing this record would place an administrative burden on the agency, and no public benefit would justify the burden of copying and releasing this record. Therefore, the NTSB is withholding this record in accordance with Exemption 2 of the FOIA.

EXHIBIT:           2

DOCUMENT NUMBER:      NTSB Record 4

DATE OF DOCUMENT:     May 2, 1998

TOTAL NUMBER OF PAGES:     1

TOTAL NUMBER OF PAGES WITHHELD ENTIRELY: 1

TOTAL NUMBER OF REDACTED PAGES:     0

DESCRIPTION OF DOCUMENT:  Copy of DHL Shipment Airwaybill

NTSB Investigator Tom Conroy obtained a copy of this shipping label regarding the shipment of certain parts for NTSB Investigation No. DCA98WA014. This shipping label merely contains an airbill number, the weight and dimensions of the shipment, as well as the addresses and telephone numbers for the sender and recipient of the package.

This record is entirely trivial, and is therefore exempt from disclosure pursuant to Exemption 2 of the FOIA. 5 U.S.C. § 552(b)(2). Exemption 2 applies to "routine matters" of "merely internal significance" in which the public lacks any substantial or legitimate interest. Dep't of the Air Force v. Rose, 425 U.S. 352, 369-70 (1976); Jordan v. United States Dep't of Justice, 591 F.2d 753, 759-71 (D.C. Cir. 1978) (en banc); Vaughn v. Rosen, 523 F.2d 1136, 1141 (D.C. Cir. 1975). Overall, Exemption 2 permits agencies to withhold mundane, administrative data and records. Lesar v. United States Dep't of Justice, 636 F.2d 472, 485 (D.C. Cir. 1980).

This shipping label regarding the shipping of parts for Investigation No. DCA98WA014 sheds no light on any NTSB functions, or on the fulfillment of the Board's statutory objectives or requirements. The record contains no substantive, investigative information regarding any investigation, including Investigation No. DCA98WA014. Indeed, the very task of processing

and releasing this record would place an administrative burden on the agency, and no public benefit would justify the burden of copying and releasing this record. Therefore, the NTSB is withholding this record in accordance with Exemption 2 of the FOIA.