**Exhibit 3**
**Records Exempt from Disclosure Pursuant to Exemptions 2 and 3**
**5 U.S.C. § 552(b)(2), (3)**

EXHIBIT:    3

DOCUMENT NUMBER:    NTSB Record 5

DATE OF DOCUMENT:    February 27, 1998

TOTAL NUMBER OF PAGES:    8

TOTAL NUMBER OF PAGES WITHHELD ENTIRELY: 8

TOTAL NUMBER OF REDACTED PAGES:    0

DESCRIPTION OF DOCUMENT:    "Final Report" from Hamilton Standard and Netherlands

Aviation Safety Board Regarding DCA98WA014


NTSB Investigator Tom Conroy obtained a copy of this seven-page "Final Report" from Hamilton Standard, [1] which wrote the report under the director of an Investigator-in-Charge from the Netherlands Aviation Safety Board's Accident Investigation Bureau.  This report contains a summary of the investigation, a brief history of the flight, as well as a detailed section discussing the examinations of the four Electronic Engine Control (EEC) units and charts containing an engineering translation of the data that investigators gathered from the EEC units.  An employee of Hamilton Sundstrand provided the report to Mr. Conroy, and wrote a one-page cover letter to accompany the report.  Given that the report contains some speculative statements and opinions regarding possibilities and potential conclusions concerning certain sets of data from the aforementioned EEC units, and that the cover letter describes the report, the NTSB is withholding both documents, which total eight (8) pages.

This report clearly contains the opinions of a foreign country's investigation team, as well as some information about EEC units that Hamilton Sundstrand voluntarily provided to the NTSB, but would not customarily release to the public.  As such, this record is exempt from

---

[1] The appropriate division of "Hamilton Standard" now operates as "Hamilton Sundstrand."

disclosure pursuant to Exemptions 2 ("high"), 3, and 4 of the FOIA.  5 U.S.C. § 552(b)(2), (3), (4).  Exemption 2 of the FOIA exempts from mandatory disclosure records that are "related solely to the internal personnel rules and practices of an agency."  Id. § 552(b)(2).  Courts have long interpreted this exemption to encompass two categories of information: internal matters of a relatively trivial nature ("low 2"), and more substantial internal matters, the disclosure of which would risk circumvention of a legal requirement ("high 2").  See, e.g., Schiller v. NLRB, 964 F.2d 1205, 1207 (D.C. Cir. 1992) (describing distinction between "low 2" and "high 2" parts of exemption).  Exemption 3 of the FOIA allows agencies to withhold information that another statute prohibits from disclosure if one of two disjunctive requirements are met: the statute either "(A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes a particular criteria for withholding or refers to particular types of matters to be withheld."  5 U.S.C. § 552(b)(3).  Finally, Exemption 4 of the FOIA allows agencies to withhold "trade secrets and commercial or financial information obtained from a person [that is] privileged or confidential."  5 U.S.C. § 552(b)(4).

The "Final Report" that the Netherlands Aviation Safety Board's Accident Investigation Bureau provided to the NTSB clearly fulfills the requirements of Exemptions 2, 3, and 4 of the FOIA.  Disclosure of the withheld information in the report would impair the NTSB's ability to have direct access to information and opinions from foreign government agencies concerning foreign investigations, and would significantly discourage manufacturers and other commercial entities from voluntarily submitting necessary information to the NTSB.  In addition, if the NTSB released this report, the NTSB's counterparts in foreign states would likely not allow the NTSB to have access to their investigative information or preliminary opinions.  Such information is critical to the Board's compliance with Annex 13 of the Convention on

International Civil Aviation (discussed *infra*). Release of such information would impair the NTSB's ability to obtain sufficient information to conduct a thorough investigation. In addition, disclosure of this information, which contains detailed descriptions of the methods by which Hamilton Sundstrand examines EEC units, would harm Hamilton Sundstrand, and would thereby impair the NTSB's ability to have direct access to any commercially valuable information from parties to future investigations. If the NTSB released this information, parties to NTSB investigations would no longer provide the NTSB with access to critical information regarding the manufacture and unique physical characteristics of their aircraft components, because they would believe that the NTSB would release such information to the public. Such information is critical to the NTSB in almost all investigations of accidents that result from a manufacturer's defect or maintenance issue. Overall, this report is exempt from disclosure pursuant to Exemption 2 of the FOIA, because such release would risk a considerable circumvention of the NTSB's statutory purpose with regard to the NTSB's statutory responsibility to investigate aircraft accidents and incidents.

In addition, the Final Report at issue is exempt from disclosure based on Exemption 3, because release of this record would violate <u>Aircraft Accident and Incident Investigation</u> , Annex 13 to the Convention on International Civil Aviation (9th ed. 2001). Paragraphs 5.12 and 5.12.1 of Annex 13 provide:

> 5.12 The State conducting the investigation of an accident or incident shall not make the following records available for purposes other than accident or incident investigation ... :
> a) all statements taken from persons by the investigation authorities in the course of their investigation;
> b) all communications between persons having been involved in the operation of the aircraft;
> c) medical or private information regarding persons involved in the accident or incident;

> d) cockpit voice recordings and transcripts from such recordings; and
> e) *opinions expressed in the analysis of information,* including flight recorder information.
> 5.12.1  These records shall be included in the final report or its appendices only when pertinent to the analysis of the accident or incident. Parts of the records not relevant to the analysis shall not be disclosed.

Id. (emphasis added).  This prohibition on the disclosure of information that countries gather during civil aviation investigations falls within the purview of Exemption 3 of the FOIA, because the United States and the Netherlands are signatories to the Chicago Convention, which implemented the Annexes to the Convention on International Civil Aviation.  Moreover, the NTSB's regulations clarify that the Board complies with Annex 13, see 49 C.F.R. § 831.2(a)(3). Given the provisions of Annex 13 quoted above, the NTSB's disclosure of such prohibited information would directly contravene these specific provisions of Annex 13.  In addition, the Note that accompanies ¶¶ 5.12 and 5.12.1 illustrates the purpose of these provisions:

> Information contained in the records listed above ... could be utilized inappropriately for subsequent disciplinary, civil, administrative and criminal proceedings.  If such information is distributed, it may, in the future, no longer be openly disclosed to investigators.  Lack of access to such information would impede the investigation process and seriously affect flight safety.

Aircraft Accident and Incident Investigation, Annex 13 to the Convention on International Civil Aviation (9th ed. 2001).  The record entitled, "Final Report" that the Netherlands Aviation Safety Board's Accident Investigation Bureau provided to the NTSB includes opinions and preliminary conclusions, and such information is exempt from disclosure under ¶ 5.12 of Annex 13.  Therefore, this record is exempt from disclosure pursuant to Exemption 3 of the FOIA.

In addition, the record at issue is exempt from disclosure based on Exemption 4 of the FOIA.  5 U.S.C. § 552(b)(4).  Under Exemption 4, commercially sensitive or proprietary information voluntarily given to a government agency "of a kind that would customarily not be released to the public by the person from whom it was obtained" is exempt from disclosure under

the FOIA. <u>Critical Mass Project v. Nuclear Regulatory Comm'n</u>, 975 F.2d 871, 879 (D.C. Cir. 1992). When the NTSB assisted with Investigation No. DCA98WA014, it obtained this memorandum without the assistance of the Board's Office of General Counsel or devices such as subpoenas; overall, this submission of information to the NTSB was wholly voluntary. The NTSB contacted Hamilton Sundstrand in order to clarify the status of this memorandum. Hamilton Sundstrand specifically stated that it would not customarily release these pages to the public, and articulated the commercial disadvantage they would suffer if the NTSB were to release the pages under the FOIA, in accordance with <u>Critical Mass</u>, 975 F.2d at 878-79.

The NTSB carefully evaluated Hamilton Sundstrand's response to the Board's inquiry regarding the release of this memorandum. In situations in which the NTSB has obtained information in a voluntary manner that appears to have commercial value, the NTSB inquires of the submitter of such information. When a submitter states that it would not customarily release the information to the public, and that release of the information may cause the submitter commercial harm, the NTSB evaluates the statement in good faith. In the interest of fairness to the public and in recognition of the FOIA's purpose of disclosing as much information as possible, the NTSB reviews statements from all submitters even-handedly. When the NTSB disagrees with a submitter, and believes that the information should be disclosed under the FOIA, the NTSB may proceed with disclosure.

Here, the NTSB conducted such a review of the record discussed herein, in conjunction with Hamilton Sundstrand's statement that it would not customarily release the information to the public. The NTSB determined that Hamilton Sundstrand satisfied the requirements of Exemption 4. Overall, this record is exempt from disclosure based on Exemptions 2, 3, and 4 of the FOIA.

EXHIBIT:    3

DOCUMENT NUMBER:    NTSB Record 6

DATE OF DOCUMENT:    February 4, 1998

TOTAL NUMBER OF PAGES:    2

TOTAL NUMBER OF PAGES WITHHELD ENTIRELY: 2

TOTAL NUMBER OF REDACTED PAGES:    0

DESCRIPTION OF DOCUMENT:    Facsimile from Netherlands Aviation Safety Board,

Accident and Incident Investigation Bureau, Containing

Handwritten Annotations


The NTSB received this "Telefax" from the Netherlands Aviation Safety Board regarding

the shipment of Electronic Engine Control (EEC) parts for examination.  This facsimile is very

brief, but contains a plan to contact certain personnel at Hamilton Standard regarding the EEC's.

The facsimile also contains a handwritten telephone or facsimile number on the first page, which

is likely an annotation from an NTSB employee.  The second page of the facsimile contains the

contact information for the Netherlands Aviation Safety Board's Accident and Incident

Investigation Bureau, as well as several handwritten annotations, mostly consisting of telephone

and/or facsimile numbers.  The preliminary plan regarding shipment of the EEC's reveals an

opinion regarding who should examine the EEC units, and other information regarding the plan

for shipment.  This information, combined with the various handwritten annotations, is exempt

from disclosure under Exemptions 2 and 3 of the FOIA.

This record clearly contains a plan of a foreign country's investigation team, and is

therefore exempt from disclosure pursuant to Exemptions 2 ("high") and 3 of the FOIA.  5

U.S.C. § 552(b)(2), (3). Exemption 2 of the FOIA exempts from mandatory disclosure records

that are "related solely to the internal personnel rules and practices of an agency." Id. §

552(b)(2). Courts have long interpreted this exemption to encompass two categories of

information: internal matters of a relatively trivial nature ("low 2"), and more substantial internal

matters, the disclosure of which would risk circumvention of a legal requirement ("high 2").

See, e.g., Schiller v. NLRB, 964 F.2d 1205, 1207 (D.C. Cir. 1992) (describing distinction

between "low 2" and "high 2" parts of exemption). Exemption 3 of the FOIA allows agencies to

withhold information that another statute prohibits from disclosure if one of two disjunctive

requirements are met: the statute either "(A) requires that the matters be withheld from the public

in such a manner as to leave no discretion on the issue, or (B) establishes a particular criteria for

withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552(b)(3).

This "Telefax" correspondence that the Netherlands Aviation Safety Board's Accident

Investigation Bureau sent to the NTSB clearly satisfies both Exemptions 2 and 3. Disclosure of

this correspondence, which reflects a plan to examine certain components of aircraft parts, would

impair the NTSB's ability to have direct access to information and opinions from foreign

government agencies concerning foreign investigations. The NTSB's counterparts in foreign

states would not allow the NTSB to have access to their investigative information or preliminary

opinions if they believed the NTSB would release such information. Such information is critical

to the Board's compliance with Annex 13 of the Convention on International Civil Aviation

(discussed *infra*). Release of such information would also impair the NTSB's ability to obtain

sufficient information to form a basis for safety recommendations, which are a statutory

responsibility of the NTSB. See 49 U.S.C. § 1135; 49 C.F.R. § 800.3(a) ("[t]he Board makes

transportation safety recommendations to Federal, State, and local agencies to reduce the

likelihood of recurrences of transportation accidents. It initiates and conducts safety studies and

special investigations on matters pertaining to safety in transportation…"). Therefore, release of

the aforementioned facsimile correspondence concerning DCA98WA014, which the Netherlands

gave to the NTSB, would risk a considerable circumvention of the NTSB's statutory purpose

with regard to the NTSB's assistance to foreign governments in investigating the causes of

international aviation accidents.

In addition, the facsimile correspondence at issue is exempt from disclosure based on

Exemption 3, because release of this record would violate <u>Aircraft Accident and Incident</u>

<u>Investigation</u>, Annex 13 to the Convention on International Civil Aviation (9th ed. 2001).

Paragraphs 5.12 and 5.12.1 of Annex 13 provide:

> 5.12  The State conducting the investigation of an accident or incident shall not
> make the following records available for purposes other than accident or incident
> investigation … :
>   a) all statements taken from persons by the investigation authorities in the
>      course of their investigation;
>   b) all communications between persons having been involved in the
>      operation of the aircraft;
>   c) medical or private information regarding persons involved in the accident
>      or incident;
>   d) cockpit voice recordings and transcripts from such recordings; and
>   e) *opinions expressed in the analysis of information,* including flight
>      recorder information.
> 5.12.1  These records shall be included in the final report or its appendices only
> when pertinent to the analysis of the accident or incident. Parts of the records not
> relevant to the analysis shall not be disclosed.

<u>Id.</u> (emphasis added). This prohibition on the disclosure of information that countries gather

during civil aviation investigations falls within the purview of Exemption 3 of the FOIA, because

the United States and the Netherlands are signatories to the Chicago Convention, which

implemented the Annexes to the Convention on International Civil Aviation. Moreover, the

NTSB's regulations clarify that the Board complies with Annex 13, 49 C.F.R. § 831.2(a)(3).

Given the provisions of Annex 13 quoted above, the NTSB's disclosure of such prohibited information would directly contravene these specific provisions of Annex 13. In addition, the Note that accompanies ¶¶ 5.12 and 5.12.1 illustrates the purpose of these provisions:

> Information contained in the records listed above ... could be utilized inappropriately for subsequent disciplinary, civil, administrative and criminal proceedings. If such information is distributed, it may, in the future, no longer be openly disclosed to investigators. Lack of access to such information would impede the investigation process and seriously affect flight safety.

Aircraft Accident and Incident Investigation, Annex 13 to the Convention on International Civil Aviation (9th ed. 2001).

The facsimile record at issue consists of a plan that reflects a preliminary opinion regarding which component the investigators should examine, and who should conduct the examination. Such information is exempt from disclosure under ¶ 5.12 of Annex 13. Moreover, the NTSB's release of this record would cause foreign governments to refrain from freely providing information regarding foreign investigations to the NTSB in the future. Therefore, this record is exempt from disclosure pursuant to both Exemptions 2 and 3.

EXHIBIT:    3

DOCUMENT NUMBER:    NTSB Record 7

DATE OF DOCUMENT:    January 23, 1998

TOTAL NUMBER OF PAGES:    1

TOTAL NUMBER OF PAGES WITHHELD ENTIRELY: 1

TOTAL NUMBER OF REDACTED PAGES:    0

DESCRIPTION OF DOCUMENT:  Facsimile from Hamilton Standard to Investigator-in-

Charge from the Netherlands Aviation Safety Board

The NTSB received this facsimile as an attachment to another facsimile from the Netherlands Aviation Safety Board (see Exhibit 3, Document 6, herein). This facsimile, from a Hamilton Standard employee, is very brief, but contains information regarding a preliminary plan for investigating a specific component of the aircraft. The facsimile also addresses which agency—either the NTSB or the Netherlands Aviation Safety Board's Accident and Incident Investigation Bureau—should direct the examination of the aforementioned aircraft component. Such preliminary ideas and plans are exempt from disclosure under Exemptions 2 and 3 of the FOIA.

This record clearly contains references to certain aspects of a plan of a foreign country's investigation team, and is therefore exempt from disclosure pursuant to Exemptions 2 ("high") and 3 of the FOIA. 5 U.S.C. § 552(b)(2), (3). Exemption 2 of the FOIA exempts from mandatory disclosure records that are "related solely to the internal personnel rules and practices of an agency." Id. § 552(b)(2). Courts have long interpreted this exemption to encompass two categories of information: internal matters of a relatively trivial nature ("low 2"), and more

substantial internal matters, the disclosure of which would risk circumvention of a legal requirement ("high 2"). See, e.g., Schiller v. NLRB, 964 F.2d 1205, 1207 (D.C. Cir. 1992) (describing distinction between "low 2" and "high 2" parts of exemption). Exemption 3 of the FOIA allows agencies to withhold information that another statute prohibits from disclosure if one of two disjunctive requirements are met: the statute either "(A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes a particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552(b)(3).

This facsimile correspondence, written by a Hamilton Standard employee and sent to the NTSB by the Netherlands Aviation Safety Board's Accident Investigation Bureau, clearly satisfies both Exemptions 2 and 3. Disclosure of this correspondence, which reflects a plan to examine certain components of aircraft parts and a discussion of procedures regarding foreign investigations, would impair the NTSB's ability to have direct access to information and opinions from foreign government agencies concerning foreign investigations. The NTSB's counterparts in foreign states would not allow the NTSB to access their investigative information or preliminary opinions if they believed the NTSB would release such information. Such information is critical to the Board's compliance with Annex 13 of the Convention on International Civil Aviation (discussed *infra*). Release of such information would also impair the NTSB's ability to obtain sufficient information to form a basis for safety recommendations, which are a statutory responsibility of the NTSB. See 49 U.S.C. § 1135; 49 C.F.R. § 800.3(a) ("[t]he Board makes transportation safety recommendations to Federal, State, and local agencies to reduce the likelihood of recurrences of transportation accidents. It initiates and conducts safety studies and special investigations on matters pertaining to safety in transportation...").

Therefore, release of the aforementioned facsimile correspondence concerning DCA98WA014, which the Netherlands gave to the NTSB, would risk a considerable circumvention of the NTSB's statutory purpose with regard to the NTSB's assistance to foreign governments in investigating the causes of international aviation accidents.

In addition, the facsimile correspondence at issue is exempt from disclosure based on Exemption 3, because release of this record would violate Aircraft Accident and Incident Investigation, Annex 13 to the Convention on International Civil Aviation (9th ed. 2001). Paragraphs 5.12 and 5.12.1 of Annex 13 provide:

> 5.12  The State conducting the investigation of an accident or incident shall not make the following records available for purposes other than accident or incident investigation ... :
> a)  all statements taken from persons by the investigation authorities in the course of their investigation;
> b)  all communications between persons having been involved in the operation of the aircraft;
> c)  medical or private information regarding persons involved in the accident or incident;
> d)  cockpit voice recordings and transcripts from such recordings; and
> e)  *opinions expressed in the analysis of information,* including flight recorder information.
> 5.12.1  These records shall be included in the final report or its appendices only when pertinent to the analysis of the accident or incident. Parts of the records not relevant to the analysis shall not be disclosed.

Id. (emphasis added).  This prohibition on the disclosure of information that countries gather during civil aviation investigations falls within the purview of Exemption 3 of the FOIA, because the United States and the Netherlands are signatories to the Chicago Convention, which implemented the Annexes to the Convention on International Civil Aviation.  Moreover, the NTSB's regulations clarify that the Board complies with Annex 13, 49 C.F.R. § 831.2(a)(3). Given the provisions of Annex 13 quoted above, the NTSB's disclosure of such prohibited

information would directly contravene these specific provisions of Annex 13. In addition, the
Note that accompanies ¶¶ 5.12 and 5.12.1 illustrates the purpose of these provisions:

> Information contained in the records listed above ... could be utilized
> inappropriately for subsequent disciplinary, civil, administrative and criminal
> proceedings. If such information is distributed, it may, in the future, no longer be
> openly disclosed to investigators. Lack of access to such information would
> impede the investigation process and seriously affect flight safety.

Aircraft Accident and Incident Investigation, Annex 13 to the Convention on International Civil
Aviation (9th ed. 2001).

The facsimile record at issue consists of a plan that reflects a preliminary opinion
regarding which component the investigators should examine, and who should conduct the
examination. Such information is exempt from disclosure under ¶ 5.12 of Annex 13. Moreover,
the NTSB's release of this record would cause foreign governments to refrain from freely
providing information regarding foreign investigations to the NTSB in the future. Therefore, this
record is exempt from disclosure pursuant to both Exemptions 2 and 3.

EXHIBIT:    3

DOCUMENT NUMBER:    NTSB Record 8

DATE OF DOCUMENT:    January 30, 1998

TOTAL NUMBER OF PAGES:    2

TOTAL NUMBER OF PAGES WITHHELD ENTIRELY: 2

TOTAL NUMBER OF REDACTED PAGES:    0

DESCRIPTION OF DOCUMENT:    Facsimile from Netherlands Aviation Safety Board,
Accident and Incident Investigation Bureau, Containing
Handwritten Annotations


      The NTSB received this "Telefax" from the Netherlands Aviation Safety Board regarding a preliminary assessment of certain aspects of the Sikorsky helicopter accident that occurred in the North Sea on December 20, 1997 (NTSB Investigation No. DCA98WA014). This facsimile is very brief, but contains a plan to examine certain components of the aircraft, and speculation regarding what sources of information may be helpful to the Netherlands Aviation Safety Board. Overall, the text of this facsimile is very preliminary, and contains plans an opinions of the Netherlands Aviation Safety Board's Accident and Incident Investigation Bureau.

      In addition, this facsimile also contains handwritten notes on both the front and back sides of the page. For the court's convenience, defendant will describe these sides as the first and second pages. The first page's handwritten annotations regarding plans to travel to the site where investigators will examine aircraft components, as well as preliminary, speculative information regarding the accident. The annotations on this page are scattered in a haphazard fashion. The second page of this record contains only handwritten notes, which are also

disorganized. These notes list plans to ship certain components to the examination site, and the flight that an investigator may take to get to the examination site. The preliminary plan regarding shipment of the aircraft components reveals an opinion regarding who should examine the components, and other information regarding the plan for shipment. This information, combined with the various handwritten annotations, is exempt from disclosure under Exemptions 2 and 3 of the FOIA.

This record clearly contains a plan of a foreign country's investigation team, and is therefore exempt from disclosure pursuant to Exemptions 2 ("high") and 3 of the FOIA. 5 U.S.C. § 552(b)(2), (3). Exemption 2 of the FOIA exempts from mandatory disclosure records that are "related solely to the internal personnel rules and practices of an agency." Id. § 552(b)(2). Courts have long interpreted this exemption to encompass two categories of information: internal matters of a relatively trivial nature ("low 2"), and more substantial internal matters, the disclosure of which would risk circumvention of a legal requirement ("high 2"). See, e.g., Schiller v. NLRB, 964 F.2d 1205, 1207 (D.C. Cir. 1992) (describing distinction between "low 2" and "high 2" parts of exemption). Exemption 3 of the FOIA allows agencies to withhold information that another statute prohibits from disclosure if one of two disjunctive requirements are met: the statute either "(A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes a particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552(b)(3).

This "Telefax" correspondence that the Netherlands Aviation Safety Board's Accident Investigation Bureau sent to the NTSB clearly satisfies both Exemptions 2 and 3. Disclosure of this correspondence, which reflects a plan to examine certain components of aircraft parts, would impair the NTSB's ability to have direct access to information and opinions from foreign

government agencies concerning foreign investigations. The NTSB's counterparts in foreign states would not allow the NTSB to have access to their investigative information or preliminary opinions if they believed the NTSB would release such information. Such information is critical to the Board's compliance with Annex 13 of the Convention on International Civil Aviation (discussed *infra*). Release of such information would also impair the NTSB's ability to obtain sufficient information to form a basis for safety recommendations, which are a statutory responsibility of the NTSB. See 49 U.S.C. § 1135; 49 C.F.R. § 800.3(a) ("[t]he Board makes transportation safety recommendations to Federal, State, and local agencies to reduce the likelihood of recurrences of transportation accidents. It initiates and conducts safety studies and special investigations on matters pertaining to safety in transportation..."). Therefore, release of the aforementioned facsimile correspondence concerning DCA98WA014, which the Netherlands sent to the NTSB, would risk a considerable circumvention of the NTSB's statutory purpose with regard to the NTSB's assistance to foreign governments in investigating the causes of international aviation accidents.

In addition, the facsimile correspondence at issue is exempt from disclosure based on Exemption 3, because release of this record would violate Aircraft Accident and Incident Investigation, Annex 13 to the Convention on International Civil Aviation (9th ed. 2001). Paragraphs 5.12 and 5.12.1 of Annex 13 provide:

> 5.12 The State conducting the investigation of an accident or incident shall not make the following records available for purposes other than accident or incident investigation ... :
> a) all statements taken from persons by the investigation authorities in the course of their investigation;
> b) all communications between persons having been involved in the operation of the aircraft;
> c) medical or private information regarding persons involved in the accident or incident;

> d) cockpit voice recordings and transcripts from such recordings; and
> e) *opinions expressed in the analysis of information*, including flight recorder information.
>
> 5.12.1  These records shall be included in the final report or its appendices only when pertinent to the analysis of the accident or incident. Parts of the records not relevant to the analysis shall not be disclosed.

<u>Id.</u> (emphasis added). This prohibition on the disclosure of information that countries gather during civil aviation investigations falls within the purview of Exemption 3 of the FOIA, because the United States and the Netherlands are signatories to the Chicago Convention, which implemented the Annexes to the Convention on International Civil Aviation. Moreover, the NTSB's regulations clarify that the Board complies with Annex 13, 49 C.F.R. § 831.2(a)(3). Given the provisions of Annex 13 quoted above, the NTSB's disclosure of such prohibited information would directly contravene these specific provisions of Annex 13. In addition, the Note that accompanies ¶¶ 5.12 and 5.12.1 illustrates the purpose of these provisions:

> Information contained in the records listed above ... could be utilized inappropriately for subsequent disciplinary, civil, administrative and criminal proceedings. If such information is distributed, it may, in the future, no longer be openly disclosed to investigators. Lack of access to such information would impede the investigation process and seriously affect flight safety.

<u>Aircraft Accident and Incident Investigation,</u> Annex 13 to the Convention on International Civil Aviation (9th ed. 2001).

The facsimile record at issue consists of much speculation and preliminary information regarding the aforementioned accident. The record also contains a plan that reflects a preliminary opinion regarding which component the investigators should examine, and who should conduct the examination. Such information is exempt from disclosure under ¶ 5.12 of Annex 13. Moreover, the NTSB's release of this record would cause foreign governments to refrain from freely providing information regarding foreign investigations to the NTSB in the future. Therefore, this record is exempt from disclosure pursuant to both Exemptions 2 and 3.