**Exhibit 6**
**Records Exempt from Disclosure Pursuant to Exemptions 2, 3, and 5**
**5 U.S.C. § 552(b)(2), (3), (5)**

EXHIBIT:    6

DOCUMENT NUMBER:    NTSB Record 26

DATE OF DOCUMENT:    February 5, 1998

TOTAL NUMBER OF PAGES:    2

TOTAL NUMBER OF PAGES WITHHELD ENTIRELY:  2

NUMBER OF REDACTED PAGES:  0

DESCRIPTION OF DOCUMENT:   Letter from Netherlands Aviation Safety Board


This record consists of a two-page letter from the Netherlands Aviation Safety Board regarding NTSB Investigation No. DCA98WA014, which involved a helicopter accident that occurred in the North Sea on December 20, 1997.  This letter contains a list of four Electronic Engine Controls (EEC's), and their unique identifying numbers, that the Netherlands Aviation Safety Board sent to Hamilton Standard for examination.  The letter also contains instructions and precautions regarding the unpacking of these items.  This record is exempt from disclosure under Exemptions 2, 3, and 5 of the FOIA; as such, the NTSB is withholding this entire record in full.

This record clearly contains references to certain aspects of a foreign investigation team's plan for investigating the helicopter accident, and is therefore exempt from disclosure pursuant to Exemptions 2 ("high"), 3, and 5 of the FOIA.  5 U.S.C. § 552(b)(2), (3), (5).  Exemption 2 of the FOIA exempts from mandatory disclosure records that are "related solely to the internal personnel rules and practices of an agency."  Id. § 552(b)(2).  Courts have long interpreted this exemption to encompass two categories of information: internal matters of a relatively trivial nature ("low 2"), and more substantial internal matters, the disclosure of which would risk

circumvention of a legal requirement ("high 2"). See, e.g., Schiller v. NLRB, 964 F.2d 1205, 1207 (D.C. Cir. 1992) (describing distinction between "low 2" and "high 2" parts of exemption). Exemption 3 of the FOIA allows agencies to withhold information that another statute prohibits from disclosure if one of two disjunctive requirements are met: the statute either "(A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes a particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552(b)(3). In addition, Exemption 5 of the FOIA exempts from disclosure agency records that are preliminary or deliberative. See, e.g., Jowett, Inc. v. Dep't of the Navy, 729 F. Supp. 871, 877 (D.D.C. 1989); National Wildlife Fed'n v. Forest Serv., 861 F.2d 1114, 1119 (9th Cir. 1988); Russell v. Dep't of the Air Force, 682 F.2d 1045, 1047-48 (D.C. Cir. 1982).

This correspondence that an investigator from the Netherlands sent to the NTSB clearly satisfies Exemptions 2, 3, and 5 of the FOIA. This correspondence contains preliminary opinions from a foreign investigation team, which reflect the team's deliberative process. If the NTSB released this information, parties to NTSB investigations would no longer provide the NTSB with access to critical information regarding the manufacture and unique physical characteristics of their aircraft components, because they would believe that the NTSB would release such information to the public. Such information is critical to the NTSB in almost all investigations of accidents that result from a manufacturer's defect or maintenance issue. Therefore, release of the aforementioned message concerning DCA98WA014 would risk a considerable circumvention of the NTSB's statutory purpose with regard to the NTSB's investigation of both foreign and domestic aircraft accidents and incidents.

In addition, the letter at issue is exempt from disclosure based on Exemption 3, because release of this record would violate <u>Aircraft Accident and Incident Investigation,</u> Annex 13 to the Convention on International Civil Aviation (9th ed. 2001). Paragraphs 5.12 and 5.12.1 of Annex 13 provide:

> 5.12   The State conducting the investigation of an accident or incident shall not make the following records available for purposes other than accident or incident investigation ... :
>   a) all statements taken from persons by the investigation authorities in the course of their investigation;
>   b) all communications between persons having been involved in the operation of the aircraft;
>   c) medical or private information regarding persons involved in the accident or incident;
>   d) cockpit voice recordings and transcripts from such recordings; and
>   e) *opinions expressed in the analysis of information,* including flight recorder information.
> 5.12.1   These records shall be included in the final report or its appendices only when pertinent to the analysis of the accident or incident. Parts of the records not relevant to the analysis shall not be disclosed.

<u>Id.</u> (emphasis added). This prohibition on the disclosure of information that countries gather during civil aviation investigations falls within the purview of Exemption 3 of the FOIA, because the United States and the Netherlands are signatories to the Chicago Convention, which implemented the Annexes to the Convention on International Civil Aviation. Moreover, the NTSB's regulations clarify that the Board complies with Annex 13, 49 C.F.R. § 831.2(a)(3). Given the provisions of Annex 13 quoted above, the NTSB's disclosure of such prohibited information would directly contravene these specific provisions of Annex 13. In addition, the Note that accompanies ¶¶ 5.12 and 5.12.1 illustrates the purpose of these provisions:

> Information contained in the records' listed above ... could be utilized inappropriately for subsequent disciplinary, civil, administrative and criminal proceedings. If such information is distributed, it may, in the future, no longer be openly disclosed to investigators. Lack of access to such information would impede the investigation process and seriously affect flight safety.

Aircraft Accident and Incident Investigation, Annex 13 to the Convention on International Civil Aviation (9th ed. 2001).

The letter at issue consists of a plan that reflects a preliminary opinion regarding which components the investigators should examine, and who should conduct the examination. Such information is exempt from disclosure under ¶ 5.12 of Annex 13. Moreover, the NTSB's release of this record would cause foreign governments to refrain from freely providing information regarding foreign investigations to the NTSB in the future. Therefore, this record is exempt from disclosure pursuant to both Exemptions 2 and 3.

Finally, this letter is also exempt from disclosure pursuant to Exemption 5 of the FOIA. 5 U.S.C. § 552(b)(5). Exemption 5 exempts from disclosure agency records that are preliminary or deliberative. See, e.g., Jowett, Inc. v. Dep't of the Navy, 729 F. Supp. 871, 877 (D.D.C. 1989); National Wildlife Fed'n v. Forest Serv., 861 F.2d 1114, 1119 (9th Cir. 1988); Russell v. Dep't of the Air Force, 682 F.2d 1045, 1047-48 (D.C. Cir. 1982). The NTSB cannot guarantee preliminary materials, such as the record described herein, as accurate or complete; therefore, release of such information would result in confusion and compromise the Board's work. In addition, material reflecting the NTSB's deliberative process is exempt from disclosure in order to ensure the free flow of information during the course of the Board's investigations. Mead Data Cent., Inc. v. Dep't of the Air Force, 566 F.2d 242, 256 (D.C. Cir. 1977). The record described above is certainly preliminary and deliberative, as it includes specific, preliminary information regarding which parts of the subject aircraft are worthy of further investigation. Moreover, the deliberations in this record are internal, given the NTSB's "party process" for investigations, and the Board's status as a counterpart of foreign government agencies that investigate civil aviation accidents. Release of such preliminary information would certainly

chill discussions regarding future aircraft investigations to which foreign government agencies contribute or oversee. Overall, this record certainly fulfills the requirements of Exemption 5 of the FOIA, as well as Exemptions 2 and 3. 5 U.S.C. § 552(b)(2), (3), and (5).

EXHIBIT:    6

DOCUMENT NUMBER:    NTSB Record 27

DATE OF DOCUMENT:    April 20, 1998

TOTAL NUMBER OF PAGES:    2

TOTAL NUMBER OF PAGES WITHHELD ENTIRELY:  2

NUMBER OF REDACTED PAGES:  0

DESCRIPTION OF DOCUMENT:    Draft Letter from NTSB to Netherlands Aviation Safety

Board


This record consists of a two-page draft of a letter from NTSB investigator Tom Conroy to a Netherlands Aviation Safety Board investigator regarding NTSB Investigation No. DCA98WA014, which involved a helicopter accident that occurred in the North Sea on December 20, 1997.  This letter, marked "draft," contains comments regarding the Netherlands Aviation Safety Board's draft of the final report for the aforementioned accident investigation. The language in the letter repeatedly refers to the report as a "draft."  The letter also speculates on potential outcomes that may result from the findings discussed in the draft report.  This record is exempt from disclosure under Exemptions 2, 3, and 5 of the FOIA; as such, the NTSB is withholding this entire record in full.

This record clearly contains references to certain aspects of a foreign investigation team's plan for investigating the helicopter accident, and is therefore exempt from disclosure pursuant to Exemptions 2 ("high"), 3, and 5 of the FOIA.  5 U.S.C. § 552(b)(2), (3), (5).  Exemption 2 of the FOIA exempts from mandatory disclosure records that are "related solely to the internal personnel rules and practices of an agency."  Id. § 552(b)(2).  Courts have long interpreted this

exemption to encompass two categories of information: internal matters of a relatively trivial nature ("low 2"), and more substantial internal matters, the disclosure of which would risk circumvention of a legal requirement ("high 2").  See, e.g., Schiller v. NLRB, 964 F.2d 1205, 1207 (D.C. Cir. 1992) (describing distinction between "low 2" and "high 2" parts of exemption). Exemption 3 of the FOIA allows agencies to withhold information that another statute prohibits from disclosure if one of two disjunctive requirements are met: the statute either "(A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes a particular criteria for withholding or refers to particular types of matters to be withheld."  5 U.S.C. § 552(b)(3).  In addition, Exemption 5 of the FOIA exempts from disclosure agency records that are preliminary or deliberative.  See, e.g., Jowett, Inc. v. Dep't of the Navy, 729 F. Supp. 871, 877 (D.D.C. 1989); National Wildlife Fed'n v. Forest Serv., 861 F.2d 1114, 1119 (9th Cir. 1988); Russell v. Dep't of the Air Force, 682 F.2d 1045, 1047-48 (D.C. Cir. 1982).

This draft letter that an NTSB investigator authored for an investigator from the Netherlands clearly satisfies Exemptions 2, 3, and 5 of the FOIA.  This correspondence contains preliminary opinions from a foreign investigation team, as it directly quotes portions of the Netherlands investigator's draft report.  These preliminary opinions and ideas reflect the investigative team's deliberative process.  If the NTSB released this information, parties to NTSB investigations would no longer provide the NTSB with access to critical information in any of their draft documents, because they would believe that the NTSB would release such records to the public.  Such information is critical to the NTSB in almost all investigations of aviation accidents.  Therefore, release of the aforementioned draft letter concerning the draft final report for DCA98WA014 would risk a considerable circumvention of the NTSB's statutory

purpose with regard to the NTSB's investigation of both foreign and domestic aircraft accidents and incidents.

In addition, the letter at issue is exempt from disclosure based on Exemption 3, because release of this record would violate <u>Aircraft Accident and Incident Investigation</u>, Annex 13 to the Convention on International Civil Aviation (9th ed. 2001). Paragraphs 5.12 and 5.12.1 of Annex 13 provide:

> 5.12  The State conducting the investigation of an accident or incident shall not make the following records available for purposes other than accident or incident investigation … :
> a)  all statements taken from persons by the investigation authorities in the course of their investigation;
> b)  all communications between persons having been involved in the operation of the aircraft;
> c)  medical or private information regarding persons involved in the accident or incident;
> d)  cockpit voice recordings and transcripts from such recordings; and
> e)  *opinions expressed in the analysis of information,* including flight recorder information.
> 5.12.1  These records shall be included in the final report or its appendices only when pertinent to the analysis of the accident or incident. Parts of the records not relevant to the analysis shall not be disclosed.

<u>Id.</u> (emphasis added). This prohibition on the disclosure of information that countries gather during civil aviation investigations falls within the purview of Exemption 3 of the FOIA, because the United States and the Netherlands are signatories to the Chicago Convention, which implemented the Annexes to the Convention on International Civil Aviation. Moreover, the NTSB's regulations clarify that the Board complies with Annex 13, 49 C.F.R. § 831.2(a)(3). Given the provisions of Annex 13 quoted above, the NTSB's disclosure of such prohibited information would directly contravene these specific provisions of Annex 13. In addition, the Note that accompanies ¶¶ 5.12 and 5.12.1 illustrates the purpose of these provisions:

> Information contained in the records listed above ... could be utilized
> inappropriately for subsequent disciplinary, civil, administrative and criminal
> proceedings. If such information is distributed, it may, in the future, no longer be
> openly disclosed to investigators. Lack of access to such information would
> impede the investigation process and seriously affect flight safety.

Aircraft Accident and Incident Investigation, Annex 13 to the Convention on International Civil

Aviation (9th ed. 2001).

The draft letter at issue includes a preliminary opinion regarding the aforementioned

report, and quotes preliminary opinions from the report. Such information is exempt from

disclosure under ¶ 5.12 of Annex 13. Moreover, given the direct quotations from the draft final

report, the NTSB's release of this record would cause foreign governments to refrain from freely

providing information regarding foreign investigations to the NTSB in the future. Therefore, this

record is exempt from disclosure pursuant to both Exemptions 2 and 3.

Finally, this letter is a *draft*, and is therefore also exempt from disclosure pursuant to

Exemption 5 of the FOIA. 5 U.S.C. § 552(b)(5). Exemption 5 exempts from disclosure agency

records that are preliminary or deliberative. See, e.g., Jowett, Inc. v. Dep't of the Navy, 729 F.

Supp. 871, 877 (D.D.C. 1989); National Wildlife Fed'n v. Forest Serv., 861 F.2d 1114, 1119 (9th

Cir. 1988); Russell v. Dep't of the Air Force, 682 F.2d 1045, 1047-48 (D.C. Cir. 1982). The

NTSB cannot guarantee preliminary materials, such as the draft letter described herein, as

accurate or complete; therefore, release of such information would result in confusion and

compromise the Board's work. In addition, material reflecting the NTSB's deliberative process

is exempt from disclosure in order to ensure the free flow of information during the course of the

Board's investigations. Mead Data Cent., Inc. v. Dep't of the Air Force, 566 F.2d 242, 256

(D.C. Cir. 1977). The draft letter described above is certainly preliminary and deliberative, as it

includes specific, preliminary information regarding which parts of the draft report may require

5

further edits. Moreover, the deliberations in this record are internal, given the NTSB's "party process" for investigations, and the Board's status as a counterpart of foreign government agencies that investigate civil aviation accidents. Release of such preliminary information would certainly chill discussions regarding future aircraft investigations to which foreign government agencies contribute or oversee. Overall, this record certainly fulfills the requirements of Exemption 5 of the FOIA, as well as Exemptions 2 and 3. 5 U.S.C. § 552(b)(2), (3), and (5).

EXHIBIT:    6

DOCUMENT NUMBER:    NTSB Record 28

DATE OF DOCUMENT:    March 17, 1998

TOTAL NUMBER OF PAGES:    1

TOTAL NUMBER OF PAGES WITHHELD ENTIRELY:  1

NUMBER OF REDACTED PAGES:  0

DESCRIPTION OF DOCUMENT:  Letter from Netherlands Aviation Safety Board to NTSB

Conveying Draft Final Report


        This record consists of a one-page letter from the Netherlands Aviation Safety Board to

the NTSB regarding NTSB Investigation No. DCA98WA014, which involved a helicopter

accident that occurred in the North Sea on December 20, 1997.  This letter, marked "In

Confidence," functions to transmit the Draft Final Report from the Netherlands Aviation Safety

Board to the NTSB.  The letter states, "[t]he contents of the Draft Final Report are to be treated

as confidential," and discusses the procedure for receiving comments from the NTSB regarding

the Draft Final Report.  This record is exempt from disclosure under Exemptions 2, 3, and 5 of

the FOIA; as such, the NTSB is withholding this entire record in full.

        This record clearly contains references to certain aspects of a foreign investigation team's

investigation of the helicopter accident that was the subject of Investigation No. DCA98WA014,

and is therefore exempt from disclosure pursuant to Exemptions 2 ("high"), 3, and 5 of the

FOIA.  5 U.S.C. § 552(b)(2), (3), (5).  Exemption 2 of the FOIA exempts from mandatory

disclosure records that are "related solely to the internal personnel rules and practices of an

agency."  Id. § 552(b)(2).  Courts have long interpreted this exemption to encompass two

categories of information: internal matters of a relatively trivial nature ("low 2"), and more substantial internal matters, the disclosure of which would risk circumvention of a legal requirement ("high 2"). See, e.g., Schiller v. NLRB, 964 F.2d 1205, 1207 (D.C. Cir. 1992) (describing distinction between "low 2" and "high 2" parts of exemption). Exemption 3 of the FOIA allows agencies to withhold information that another statute prohibits from disclosure if one of two disjunctive requirements are met: the statute either "(A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes a particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552(b)(3). In addition, Exemption 5 of the FOIA exempts from disclosure agency records that are preliminary or deliberative. See, e.g., Jowett, Inc. v. Dep't of the Navy, 729 F. Supp. 871, 877 (D.D.C. 1989); National Wildlife Fed'n v. Forest Serv., 861 F.2d 1114, 1119 (9th Cir. 1988); Russell v. Dep't of the Air Force, 682 F.2d 1045, 1047-48 (D.C. Cir. 1982).

This letter that an investigator from the Netherlands Aviation Safety Board authored for the NTSB clearly satisfies Exemptions 2, 3, and 5 of the FOIA. This correspondence contains instructions for suggesting potential changes to the draft final report. These preliminary instructions regarding a *draft* report reflect the investigative team's deliberative process. If the NTSB released this information, parties to NTSB investigations would no longer provide the NTSB with access to critical information in any of their draft documents, because they would believe that the NTSB would release such records to the public. Such information is critical to the NTSB in almost all investigations of aviation accidents. Therefore, release of the aforementioned draft letter concerning the draft final report for DCA98WA014 would risk a

considerable circumvention of the NTSB's statutory purpose with regard to the NTSB's investigation of both foreign and domestic aircraft accidents and incidents.

In addition, the letter at issue is exempt from disclosure based on Exemption 3, because release of this record would violate <u>Aircraft Accident and Incident Investigation</u>, Annex 13 to the Convention on International Civil Aviation (9th ed. 2001). Paragraphs 5.12 and 5.12.1 of Annex 13 provide:

> 5.12  The State conducting the investigation of an accident or incident shall not make the following records available for purposes other than accident or incident investigation … :
> a) all statements taken from persons by the investigation authorities in the course of their investigation;
> b) all communications between persons having been involved in the operation of the aircraft;
> c) medical or private information regarding persons involved in the accident or incident;
> d) cockpit voice recordings and transcripts from such recordings; and
> e) *opinions expressed in the analysis of information,* including flight recorder information.
> 5.12.1  These records shall be included in the final report or its appendices only when pertinent to the analysis of the accident or incident. Parts of the records not relevant to the analysis shall not be disclosed.

<u>Id.</u> (emphasis added). This prohibition on the disclosure of information that countries gather during civil aviation investigations falls within the purview of Exemption 3 of the FOIA, because the United States and the Netherlands are signatories to the Chicago Convention, which implemented the Annexes to the Convention on International Civil Aviation. Moreover, the NTSB's regulations clarify that the Board complies with Annex 13, 49 C.F.R. § 831.2(a)(3). Given the provisions of Annex 13 quoted above, the NTSB's disclosure of such prohibited information would directly contravene these specific provisions of Annex 13. In addition, the Note that accompanies ¶¶ 5.12 and 5.12.1 illustrates the purpose of these provisions:

> Information contained in the records listed above ... could be utilized inappropriately for subsequent disciplinary, civil, administrative and criminal proceedings. If such information is distributed, it may, in the future, no longer be openly disclosed to investigators. Lack of access to such information would impede the investigation process and seriously affect flight safety.

Aircraft Accident and Incident Investigation, Annex 13 to the Convention on International Civil Aviation (9th ed. 2001).

The letter at issue includes references to a Draft Final Report from a foreign investigation team. Such information is exempt from disclosure under ¶ 5.12 of Annex 13. Moreover, the NTSB's release of this record would cause foreign governments to refrain from freely providing information regarding foreign investigations to the NTSB in the future. Therefore, this record is exempt from disclosure pursuant to both Exemptions 2 and 3.

Finally, this letter functions to transmit a *Draft* Final Report, and is therefore also exempt from disclosure pursuant to Exemption 5 of the FOIA. 5 U.S.C. § 552(b)(5). Exemption 5 exempts from disclosure agency records that are preliminary or deliberative. See, e.g., Jowett, Inc. v. Dep't of the Navy, 729 F. Supp. 871, 877 (D.D.C. 1989). The NTSB cannot guarantee preliminary materials, such as the letter described herein, as accurate or complete; therefore, release of such information would result in confusion and compromise the Board's work. In addition, material reflecting the NTSB's deliberative process is exempt from disclosure in order to ensure the free flow of information during the course of the Board's investigations. Mead Data Cent., Inc. v. Dep't of the Air Force, 566 F.2d 242, 256 (D.C. Cir. 1977). The letter described above is certainly preliminary and deliberative, as it includes specific information regarding the Draft Final Report from the Netherlands Aviation Safety Board. Moreover, the deliberations in this record are internal, given the NTSB's "party process" for investigations, and the Board's status as a counterpart of foreign government agencies that investigate civil aviation

5

accidents. Release of such preliminary information would certainly chill discussions regarding future aircraft investigations to which foreign government agencies contribute or oversee. Overall, this record certainly fulfills the requirements of Exemption 5 of the FOIA, as well as Exemptions 2 and 3. 5 U.S.C. § 552(b)(2), (3), and (5).