**Exhibit 8**
**Records Exempt from Disclosure Pursuant to Exemption 6**
**5 U.S.C. § 552(b)(6)**

EXHIBIT:     8

DOCUMENT NUMBER:     NTSB Record 34

DATE OF DOCUMENT:     June 14, 2000

TOTAL NUMBER OF PAGES:     2

TOTAL NUMBER OF PAGES WITHHELD ENTIRELY:  2

NUMBER OF REDACTED PAGES:  0

DESCRIPTION OF DOCUMENT:   E-mail Correspondence Regarding Travel Plans


        This record consists of a two-page set of e-mail correspondence regarding the travel plans

of a Sikorsky employee.    The correspondence contains two separate messages; an original

message and a "forwarded" message, both of which are dated June 14, 2000.   The original

message describes a flight reservation, information regarding the invoice for payment of the

flight, and contact information.   The second, forwarded message within the correspondence

contains a cellular telephone number, a short narrative description of the travel plans, and other

contact information.   These travel plans apparently arose out of the investigation of a Sikorsky

helicopter that crashed in Indonesia in 2000.   In the interest of conducting a thorough search of

all potentially responsive records to plaintiff's FOIA request, the NTSB decided that the Board

should construe this e-mail correspondence as a record regarding NTSB Investigation No.

IAD00WA029.

        This set of e-mail correspondence regarding the travel plans of a person who is not

employed at the NTSB is exempt from disclosure pursuant to Exemption 6 of the FOIA.   5

U.S.C. § 552(b)(6).   Exemption 6 of the FOIA allows agencies to withhold "personnel and

medical files and similar files the disclosure of which would constitute a clearly unwarranted

invasion of personal privacy." Id. Courts have long held that agencies must balance the public interest in disclosure against the privacy interest at stake in order to make a release determination under the FOIA. See, e.g., Dep't of Air Force v. Rose, 425 U.S. 352, 372 (1976). With regard to the e-mail correspondence at issue concerning travel plans, there is little, if any, public interest in disclosing such information. Conversely, the privacy interest in a private party's travel plans and other travel information is much greater than any public interest in the release of such information, as this information does not show the NTSB's functions or fulfillment of its statutory mandate. United States Dep't of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 773, 775 (1989). Overall, the privacy interest in this e-mail correspondence greatly outweighs any minimal public interest in disclosing this record.

Moreover, release of such information would greatly discourage participants in investigations from providing such information to the NTSB in the future. Overall, the privacy interest in this e-mail correspondence outweighs any *de minimus* public interest in disclosing the record; therefore, the record is exempt from disclosure under Exemption 6 of the FOIA. 5 U.S.C. § 552(b)(6).

EXHIBIT:    8

DOCUMENT NUMBER:    NTSB Record 35

DATE OF DOCUMENT:    June 22, 2000

TOTAL NUMBER OF PAGES:    1

TOTAL NUMBER OF PAGES WITHHELD ENTIRELY:  1

NUMBER OF REDACTED PAGES:  0

DESCRIPTION OF DOCUMENT:    E-mail Correspondence Regarding Travel Plans


This record consists of one page of e-mail correspondence regarding the travel plans of a Sikorsky employee.   The correspondence contains one single e-mail message, dated June 22, 2000.   This message includes: information regarding a flight reservation, a hotel reservation, a rental car reservation; rates for such reservations; frequent flyer account information; and contact information for the appropriate airline, hotel, and rental car provider.   These travel plans arose out of the investigation of a Sikorsky helicopter that crashed in Indonesia on March 8, 2000 (NTSB Investigation No. IAD00WA029).

This e-mail correspondence regarding the travel plans of a person who is not employed at the NTSB is exempt from disclosure pursuant to Exemption 6 of the FOIA.  5 U.S.C. § 552(b)(6).  Exemption 6 of the FOIA allows agencies to withhold "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."  Id.  Courts have long held that agencies must balance the public interest in disclosure against the privacy interest at stake in order to make a release determination under the FOIA.  See, e.g., Dep't of Air Force v. Rose, 425 U.S. 352, 372 (1976).  With regard to the e-mail correspondence at issue concerning travel plans and personal information such as hotel,

flight, and rental car reservations, as well as frequent flyer account information, there is little, if any, public interest in disclosing such information.  Conversely, the privacy interest in a private party's travel plans and other personal travel information is much greater than any public interest in the release of such information, as this information does not show the NTSB's functions or fulfillment of its statutory mandate.  <u>United States Dep't of Justice v. Reporters Comm. for Freedom of the Press</u>, 489 U.S. 749, 773, 775 (1989).  Overall, the privacy interest in this e-mail correspondence greatly outweighs any minimal public interest in disclosing this record.

Moreover, release of such information would greatly discourage participants in investigations from providing such information to the NTSB in the future.  Overall, the privacy interest in this e-mail correspondence outweighs any *de minimus* public interest in disclosing the record; therefore, the record is exempt from disclosure under Exemption 6 of the FOIA.  5 U.S.C. § 552(b)(6).