

**National Transportation Safety Board**
Washington, D.C. 20594

August 14, 2006

Mr. Byron L. Pickard
Thelen Reid & Priest, LLP
701 Eighth Street, NW
Washington, D.C. 20001

**VIA MESSENGER DELIVERY**

Re:  National Transportation Safety Board (NTSB) Freedom of Information Act (FOIA) Request Nos. 20060339, 20060341, 20060342, 20060343, and 20060344

Dear Mr. Pickard:

I write in response to your FOIA request for "a copy of all records or information and tangible things, whether made previously public or not related to ...

(1.) NTSB ID Number IAD00WA069 involving a Sikorsky SK-76A helicopter. Aircraft Registration No. PTHRD;
(2.) NTSB ID Number WAS01WA015 involving a Sikorsky model S-76B helicopter. Aircraft Registration No. HL9240;
(3.) NTSB ID Number IAD00WA029 involving a Sikorsky model S-76A helicopter. Aircraft Registration No. PKPUC;
(4.) NTSB Number DCA97WA068 involving a Sikorsky S-76B helicopter, Registration No. GHUAG; [and]
(5.) NTSB Number DCA98WA014 involving a Sikorsky S-76B helicopter, Registration No. H-KHB."

The Safety Board has conducted a thorough search for all records related to the investigations listed above. I am enclosing herein all records, including some photographs and one electronic document on a CD, which are subject to release under the FOIA. Regarding the aforementioned electronic document, the Safety Board is unable to open or read this document, which was transmitted via e-mail from a foreign investigator. However, in the interest of erring on the side of disclosing as many records as possible, I am including this record on the CD enclosed herein. Some of the enclosed paper records contain redactions. Alongside each redaction, I have identified each exemption under the FOIA that applies to the redacted text.

I have redacted some information from the enclosed records where release of the information would cause the Safety Board to circumvent its statutory purpose and instructive regulations. I have determined that such information is exempt from the disclosure requirements of the FOIA under Exemption 2. 5 U.S.C. § 552(b)(2). The Safety Board, in investigating accidents, gathers information from manufacturers, operators, and various other "parties" in

order to find the probable cause of each accident. The Safety Board's "party system" is absolutely critical to the fulfillment of the Board's mission, which is to investigate civilian transportation occurrences in an independent fashion. See 49 U.S.C. § 1111; 49 C.F.R. §§ 800.2, 800.3(a) (listing the Board's general functions and responsibilities); see also S. Rep. No. 103-150, at 231 (1993) (stating that the Board was established as an independent agency, and that the Board's "effectiveness depends on its reputation for impartial and accurate accident reports"). Disclosure of records that reflect parties' deliberations would undermine the Safety Board's effectiveness, because it would instill severe reluctance in parties to participate fully in the Board's investigations. The information the Safety Board obtains from such parties is critical to the Board's ability to investigate transportation accidents effectively. Such a compelling risk of circumvention of the Safety Board's statutory purpose and regulations allows for the application of Exemption 2 of the FOIA to your request. See, e.g., Schiller v. Nat'l Labor Relations Bd., 964 F.2d 1205, 1208 (D.C. Cir. 1992); National Treasury Employees Union v. United States Customs, 802 F.2d 525, 529-31 (D.C. Cir. 1986); Crooker v. Bureau of Alcohol, Tobacco, and Firearms, 670 F.2d 1051, 1066, 1074 (D.C. Cir. 1981).

Some records also contain redactions of internal information that reflects the Safety Board's deliberative process; therefore, these statements are also exempt from the disclosure requirements of the FOIA. 5 U.S.C. § 552(b)(5). Exemption 5 exempts from disclosure agency records that are preliminary or deliberative. See, e.g., Jowett, Inc. v. Dep't of the Navy, 729 F. Supp. 871, 877 (D.D.C. 1989); National Wildlife Fed'n v. Forest Serv., 861 F.2d 1114, 1119 (9th Cir. 1988); Russell v. Dep't of the Air Force, 682 F.2d 1045, 1047-48 (D.C. Cir. 1982). The Safety Board cannot guarantee preliminary materials, such as records from a pending investigation, as accurate or complete; therefore, release of such information would result in confusion and compromise the Board's work. In addition, material reflecting the Safety Board's deliberative process is exempt from disclosure in order to ensure the free flow of information during the course of the Board's investigations. Mead Data Cent., Inc. v. Dep't of the Air Force, 566 F.2d 242, 256 (D.C. Cir. 1977). In addition to the redactions that contain the annotation indicating the application of Exemption 5, I am withholding approximately seven pages as exempt pursuant to Exemption 5. These pages contain preliminary information that reflects the Safety Board's deliberative process.

Similarly, much of this information that I have redacted pursuant to Exemption 5 is also exempt from the FOIA in accordance with Exemption 3. Exemption 3 of the FOIA allows agencies to withhold information that another statute prohibits from disclosure if the statute either, "(A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552(b)(3). As you know, the investigations listed above are all international aviation investigations. Therefore, the Safety Board is required to comply with Aircraft Accident and Incident Investigation, Annex 13 to the Convention on International Civil Aviation (9th ed. 2001). Paragraphs 5.12 and 5.12.1 of Annex 13 provide:

> 5.12 The State conducting the investigation of an accident or incident shall not make the following records available for purposes other than accident or incident investigation ... :

> a) all statements taken from persons by the investigation authorities in the course of their investigation;
> b) all communications between persons having been involved in the operation of the aircraft;
> c) medical or private information regarding persons involved in the accident or incident;
> d) cockpit voice recordings and transcripts from such recordings; and
> e) opinions expressed in the analysis of information, including flight recorder information.
>
> 5.12.1 These records shall be included in the final report or its appendices only when pertinent to the analysis of the accident or incident. Parts of the records not relevant to the analysis shall not be disclosed.

Id. This prohibition on the disclosure of information that countries gather during civil aviation investigations falls within the purview of Exemption 3 of the FOIA, because the United States and the countries involved in the investigations listed above are signatories to the Chicago Convention, which implemented the Annexes to the Convention on International Civil Aviation. The Safety Board's regulations indicate the Board's involvement in international aviation investigations, pursuant to this agreement, 49 C.F.R. § 831.2(a)(3). Given the provisions of Annex 13 that I quoted above, the Safety Board's disclosure of such prohibited information would directly contravene these specific provisions of Annex 13. In addition, the Note that accompanies ¶¶ 5.12 and 5.12.1 illustrates the purpose of these provisions:

> Information contained in the records listed above ... could be utilized inappropriately for subsequent disciplinary, civil, administrative and criminal proceedings. If such information is distributed, it may, in the future, no longer be openly disclosed to investigators. Lack of access to such information would impede the investigation process and seriously affect flight safety.

Aircraft Accident and Incident Investigation, Annex 13 to the Convention on International Civil Aviation (9th ed. 2001). Therefore, I have redacted some information from the enclosed records in accordance with Exemption 3 and Annex 13.

In addition to the pages I have already described in the paragraphs above, I am withholding approximately 49 pages based on the combination of Exemptions 2, 3, and 5, as explained above. Please note that of these 49 pages, 39 pages consist of a draft version of the final report for NTSB Investigation No. DCA97WA068. As you probably know, this report is available at the Safety Board's records facility, General Microfilm, Inc. The contact information for General Microfilm, Inc. is available at www.general-microfilm.com.

I am also withholding approximately six pages of information that contain purely administrative information based on Exemption 2 of the FOIA. Exemption 2, in addition to exempting from disclosure information that would cause an agency to circumvent a statutory or regulatory requirement, also exempts from disclosure information that involves internal matters of a relatively trivial nature. 5 U.S.C. § 552(b)(2). The information that these aforementioned five pages contain is so trivial that it could not be subject to a genuine public interest. Dep't of

Air Force v. Rose, 425 U.S. 352, 369 (1976). Therefore, I have determined that these pages are not subject to disclosure.

Finally, I am withholding approximately 103 pages, as well as redacting some information from some of the pages enclosed herein, based on Exemption 4 of the FOIA. I am also withholding approximately 101 photographs and two electronic documents containing photographs in accordance with Exemption 4 of the FOIA. Exemption 4 protects "trade secrets and commercial or financial information obtained from a person [that is] privileged or confidential." 5 U.S.C. § 552(b)(4). While conducting the investigations listed above, the Safety Board utilized some proprietary information from two non-government sources. Pursuant to Exemption 4 of the FOIA, commercially sensitive or proprietary information voluntarily given to a government agency "of a kind that would customarily not be released to the public by the person from whom it was obtained" is exempt from disclosure under the FOIA. Critical Mass Project v. Nuclear Regulatory Comm'n, 975 F.2d 871, 879 (D.C. Cir. 1992). When the Safety Board oversaw the investigations listed above, it obtained this aforementioned information without the assistance of the Board's Office of General Counsel or devices such as subpoenas. Therefore, this submission of information to the Safety Board was wholly voluntary.

Also, for your information, the Safety Board contacted both non-government entities that voluntarily provided the proprietary data to the Board, in order to clarify the status of the aforementioned proprietary information. These non-government organizations specifically stated that they would not customarily release these pages to the public, and articulated the commercial disadvantage they would suffer if the Safety Board were to release the pages under the FOIA, in accordance with Critical Mass, 975 F.2d at 878-79. As a result, I determined that these pages were exempt from disclosure under the FOIA. Given the Safety Board's significant reliance on the Board's "party system" to complete investigations, and the Board's overwhelming reliance on receiving information from party participants in an uninhibited fashion, many of the annotations alongside the redacted text enclosed in some of the records herein list both Exemption 2 and Exemption 4. In addition, with regard to the 103 pages, 101 photographs, and two electronic documents referenced above, I am withholding these pages under both Exemptions 2 and 4 of the FOIA.

Several pages of correspondence also contain redactions of personal contact information, such as telephone, cellular phone, and facsimile numbers, as well as e-mail addresses. In addition, a few pages contain redactions of personal statements that include private information. I have determined that this information is exempt from disclosure under the FOIA pursuant to Exemption 6, 5 U.S.C. § 552(b)(6). Exemption 6 of the FOIA allows agencies to withhold "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." Id. Courts have long held that agencies must balance the public interest in disclosure against the privacy interest at stake in order to make a release determination under the FOIA. See, e.g., Dep't of Air Force v. Rose, 425 U.S. 352, 372 (1976). With regard to the redactions of the aforementioned contact information, there is little, if any, public interest in disclosing such contact information. Conversely, the privacy interest in a private party's contact information is much greater than any public interest in the release of such information, as this information does not show the Safety Board's functions or fulfillment of its statutory mandate. United States Dep't of Justice v. Reporters Comm. for Freedom of the Press,

489 U.S. 749, 773, 775 (1989). In addition to the redactions on the enclosed records, I determined that Exemption 6 also exempts from disclosure three pages of records that contain personal information, the release of which would constitute a clearly unwarranted invasion of personal privacy. These three pages do not elucidate the Safety Board's functions or activities, and contain only personal information of persons who are not Safety Board employees. Therefore, the privacy interest in this information outweighs any public interest in disclosure.

To the extent that I have denied your FOIA request, you may appeal my decision by writing to the Safety Board's Managing Director:

>Mr. Joseph Osterman
>Managing Director
>National Transportation Safety Board
>490 L'Enfant Plaza East, SW
>Washington, DC  20594

Sincerely,

*Jay R. White*
for Melba D. Moye
FOIA Officer